UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Thomas Schaw, Jr.,

    Petitioner,

v.                                           Case No.  2:11-13027

                                               District Judge Sean F. Cox

Lloyd Rapelje,                        Magistrate Judge Paul J. Komives

    Respondent.
_____/

**ORDER**
**ACCEPTING AND ADOPTING REPORT & RECOMMENDATION AND GRANTING A CERTIFICATE OF APPEALABILITY WITH REGARD TO THE PROSECUTORIAL MISCONDUCT ISSUE**

       On May 15, 2008, Petitioner Thomas Schaw, Jr. was convicted before a jury trial in Kent County Circuit Court of Assault with Intent to do Great Bodily Harm, M.C.L. § 750.84; Torture, M.C.L. § 750.85; and Unlawful Imprisonment, M.C.L. § 750.349(b) (Docket No. 1, at 19; Docket No. 7, at 5–6; Docket No. 10, at 2.)  Petitioner was sentenced to concurrent terms of 225 months to 30 years imprisonment for the torture conviction, 5-15 years imprisonment for the unlawful imprisonment conviction, and 5-10 years imprisonment for the assault conviction. (Docket No. 10, at 2.)  Petitioner thereafter appealed as of right to the Michigan Court of Appeals raising the following claims:

       (1) Petitioner's conviction and sentence for torture should be vacated, as it was not supported by legally sufficient evidence, in violation of his constitutional right to due process of law.

       (2) The trial court reversibly erred in denying the defense motion for mistrial where

> the prosecution intentionally violated a prior agreement to redact the evidence of Petitioner's statements to remove references to his prior felony conviction and prison sentence, as that evidence was significantly more prejudicial to the defense than probative of his alleged efforts to influence Ms. Schaw's testimony.

(*Id.*)  The Court of Appeals affirmed Petitioner's convictions. (*Id.*)  He thereafter sought leave to appeal to the Michigan Supreme Court, which was denied. (*Id.* at 2–3.)  Petitioner filed his writ of habeas corpus on July 15, 2011, raising the same two issues he raised on appeal before the Michigan Court of Appeals. (*Id.* at 3.)

In a Report and Recommendation ("R&R") issued on August 28, 2012, Magistrate Judge Komives concluded that the Michigan Court of Appeal's determinations do not amount to a resolution that is either contrary to, or an unreasonable application of, clearly established federal law. (Docket No. 10, at 29.)   He therefore recommended that this Court **DENY** Petitioner's application for a writ of habeas corpus.  Magistrate Judge Komives further determined that because a reasonable jurists could have disagreed as to whether the alleged prosecutorial misconduct in this case warrants further investigation, he recommended that this Court grant a certificate of appealability, but only with regard to the prosecutorial misconduct issue. (Docket No. 10, at 27–29.)  Therefore, Magistrate Judge Komives recommended that this Court: 1) **DENY** Petitioner's application for the writ of habeas corpus; 2) **GRANT** a certificate of appealability with respect to the <u>claim of prosecutorial misconduct</u>; and **DENY** a certificate of appealability with respect to Petitioner's remaining claims.   (Docket No. 10, at 2, 29.)

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate

judge's disposition to which specific written objection has been made." *Id*.

The time for filing objections to the R&R has expired and the docket reflects that neither party has filed objections to the R&R.

For the reasons set forth above, the Court concludes that the Petitioner is not entitled to habeas relief.

A certificate of appealability must issue before a petitioner such as Schaw may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has explained this standard:

> [T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Court has more recently stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

While this Court continues to believe that Petitioner is not entitled to a writ of habeas corpus for the reasons set forth above, the Court believes that the issue regarding prosecutorial misconduct may be "debatable among jurists of reason." For that reason, the Court does not believe that

Petitioner should be denied the opportunity to seek appellate review regarding prosecutorial misconduct.

Furthermore, Petitioner requests that he proceed *in forma pauperis*. The standard for issuing a certificate of appealability is a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous. This Court holds that the issue with regard to prosecutorial misconduct is not frivolous. Therefore, an appeal could be taken in good faith, and Petitioner may proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(2); *Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002).

The Court hereby **ADOPTS** the August 28, 2012, R&R. **IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **DENIED**. Petitioner is **GRANTED** a certificate of appealability only with regard to the prosecutorial misconduct issue. With regard to the other issues, the Petitioner is **DENIED** a certificate of appealability. The Petitioner's application to proceed *in forma pauperis* is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 11, 2012                                s/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Court Judge

I hereby certify that on October 11, 2012, the foregoing document was served upon counsel of

record by electronic means and upon Thomas Schaw, Jr., by First Class Mail at the address below:

Thomas Schaw, Jr.
413901
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

Dated:  October 11, 2012               s/ Jennifer Hernandez McCoy
                                       Case Manager